IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Amber D. Smith, : | |
|     Plaintiff : | Civil Action 2:07-cv-906 |
| v. : | Judge Frost |
| Michael J. Astrue, : | Magistrate Judge Abel |
| Commissioner of Social Security, | |
|     Defendant : | |

**ORDER**

Plaintiff Amber D. Smith brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her application for period of disability, disability insurance benefits, and supplemental social security.  This matter is before the Court on Plaintiff's objections (doc. 14) to the Magistrate Judge's June 3, 2008 Report and Recommendation.  For the reasons below, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the June 3, 2008 Report and Recommendation.

**Background**

Plaintiff Amber D. Smith filed her application for a period of disability, disability insurance benefits, and supplemental social security in March 2004 alleging that she became disabled on March 1, 2004, at age 24.  (R. 54-57 and 294-297.)  The application was denied initially and upon reconsideration.  (*Id*. at pp. 38-41 and 43-45.)  Plaintiff sought a *de novo* hearing before an administrative law judge

("ALJ"). (*Id*. at p. 46.) On August 1, 2006, Plaintiff was represented by counsel, Jack Cervay, and testified at an administrative hearing before ALJ Barbara L. Beran. (*Id*. at pp. 318-353.) A vocational expert, Dr. Richard Oestreich, also testified. (*Id*. at pp. 348-351.) On April 23, 2007, the ALJ issued a decision finding that Smith is not disabled within the meaning of the Social Security Act. (*Id*. at pp. 12-29) Upon appeal, the Appeals Council denied Plaintiff's request for review. (*Id*. at p. 4.) On June 3, 2008, the Magistrate Judge issued a Report and Recommendation, which recommends that the Court affirm the ALJ's decision. (Doc. 13.)

**Objections and Analysis**

Plaintiff Amber D. Smith first objection is that the Report and Recommendation (R&R) errs where it finds that the ALJ properly discounted the opinion of Dr. Michelle L. Graham. (Doc. 14, p. 1.) Plaintiff's brief states that the record includes three physical RFCs Dr. Graham made of Smith. (*Id*.)

Smith's objection is OVERRULED. As an initial matter, as the R&R explains, a claimant's residual functional capacity assessment (RFC) must be determined by the ALJ. (See Doc. 13, pp. 14-16.) The ALJ properly discounted Dr. Graham's physical assessments. The ALJ's explanation of the reasons for discounting Dr. Graham's assessments is much more detailed than described by Smith's brief and the R&R. The ALJ explained that:

> However, Dr. Graham's opinions must be rejected because it
> appears that they are based primarily on the claimant's subjective

2

>complaints as they are not supported by objective medical evidence in the record, including this doctor[] own treatment notes. Additionally, while Dr. Graham offered three separate opinions regarding the claimant's residual functional capacity, each opinion is, at least in some respects, different and inconsistent with the other . . . even though there has been no objectively documented change in the claimant's condition to account for the differences in [the] opinions. To the contrary, the claimant testified at the August 2006 hearing that her condition has remained the same for the last three years. . . . Another factor to discredit Dr. Graham's opinions relates to [the] diagnosis of iron deficient anemia . . . As noted earlier in this decision, this diagnosis is not supported by substantial evidence of record. In November of 2002, the claimant gave a history of iron deficient anemia . . . . [h]owever, the claimant's red blood counts (RBC) have all been normal. . . .

(R. 22) (alteration added, footnote omitted).

Smith's next objection states that the Magistrate Judge erred in finding that the ALJ's credibility determination was supported by substantial evidence. (Doc. 14, p. 1.) Smith contends that the reason the Magistrate Judge erred is that he overlooked the fact that the ALJ relied primarily on the claimant's daily activities of living. (*Id*. at p. 5.)

Smith's objection is OVERRULED. The argument that the ALJ relied primarily on Smith's daily activities in making the credibility assessment is incorrect based on the clear language of the ALJ's decision. (See Record, pp. 24-27.) Furthermore, the Magistrate Judge's Report and Recommendation contains an adequate and detailed explanation why the ALJ did not err. (See Doc. 13, pp. 19-21.)

3

**Conclusion**

Accordingly, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the June 3, 2008 Report and Recommendation. The Clerk of Court is **DIRECTED** to close this case.

 s/Gregory L. Frost
United States District Court Judge
